No. 28,549.

B. H. Wood (Lena Wood, Administratrix, with the Will Annexed, of the Estate of B. H. Wood, Deceased, Substituted), *Appellee,* v. Charles W. Johnson, Receiver of the Rossville State Bank, *Appellant.*

(275 Pac. 133.)

Opinion filed March 9, 1929.

*Randal C. Harvey,* of Topeka, for the appellant.
*W. Glenn Hamilton,* of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, J.: The plaintiff, B. H. Wood, now deceased, brought this action against the receiver of the Rossville State Bank to establish his claim for $7,830.90 as a *bona fide* depositor of that bank at

the time it closed its doors for insolvency on August 20, 1927, following the death of its cashier, I. B. Alter, who died (by his own hand) two days earlier.

The assets of the bank and the moneys of its depositors had been largely dissipated by Alter, and apparently in contemplation of suicide he prepared statements showing more or less accurately what funds and deposits he had misused. One of these statements dated July 23, 1927, gave a listing of names and figures aggregating $160,302. In this statement and listing was this item:

". . . B. H. Wood.................... $7,765.90     $7,765.90"

A similar statement prepared two days before Alter's death showed apparent defalcations aggregating $116,803.14. Part of that statement reads:

"In account with THE ROSSVILLE STATE BANK,
"ROSSVILLE, KAN., Aug. 16, 1927.
"What I owe:

•   .   •   •   •   •   •   •   •   •   •   •   •   •
    B. H. Wood Act......................... $7,765.90     $7,765.90"

The receiver did not contest the fact that plaintiff had once had a balance of $7,830.90 on deposit in the Rossville bank, but in his answer he alleged that plaintiff had authorized I. B. Alter to draw on this deposit account as the personal agent of plaintiff, and that pursuant to such authorization plaintiff's balance of deposit had been reduced to $65, for which sum the receiver acknowledged liability. The defendant receiver also pleaded that plaintiff had ratified the acts of Alter in thus handling plaintiff's deposit account, and that most of it had been withdrawn and used by Alter upon some arrangement whereby Alter paid plaintiff interest at 6 per cent per annum on the nominal deposit but actual loan to Alter himself.

The plaintiff was about 89 years of age when the bank failed. Before this action was begun his deposition was taken. Pending the suit he died, and by revivor it has proceeded in the name of the administratrix of his estate.

On the issues joined the cause was tried by the court which made extended findings of fact favorable to plaintiff, and judgment was entered accordingly.

Defendant appeals, invoking the rule that a bank or receiver is not liable for deposits withdrawn by the real or apparent agent of the depositor, and contending that the evidence disclosed that B.

H. Wood knowingly permitted Alter, the cashier, to check on his deposit account under such circumstances as would show Alter's agency either by implication or by ratification, and that because of payments or credits of interest at 6 per cent on the amount of the deposit it should be regarded as a personal loan to Alter, the cashier, rather than an ordinary deposit for which the bank should be held liable. As to that, it must suffice to say that if the trial court had so found, that issue of disputed fact would have been foreclosed; but by the same limitations of appellate review the trial court's finding to the contrary is similarly conclusive, since there neither is nor can there be a tenable contention that such findings were entirely lacking in support of the evidence. Before the old man died he testified: "I never authorized him [Alter] to draw a damned dollar out of my account." The fact that the old man was shown to be slightly mistaken in that statement and that apparently he had ratified some isolated liberties with his deposit account taken by Alter, who was his son-in-law, did not compel an inference that the three large abstractions from his deposit account which made up the total sum involved herein had been authorized, sanctioned or ratified by the aged depositor. It is useless to reproduce the findings of fact or to discuss them and certain inferences which could be deduced therefrom. Indeed, there was no substantial dispute over the main facts. The real controversy was whether the liberties which the cashier did take with Wood's deposit, with Wood's partial knowledge thereof, and his seeming indifference thereto, required a conclusive inference to be drawn that the nominal bank deposit of Wood had in fact become a mere loan or series of loans to Alter. The tribunal authorized to settle that controversy has decided it, and this court is bound to hold that the trial court's findings and inferences legitimately deduced therefrom were sufficient to justify the judgment and forbid it to be disturbed.

The judgment is affirmed.

HARVEY, J., not sitting.